UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH MARION HEAD, ) | 04-40089RGS |
| ) | |
| Plaintiff, ) | Case No. 1:04-cv-311 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| UNITED STATES OF AMERICA et al., ) | |
| ) | **ORDER OF TRANSFER** |
| Defendant. ) | |
| ) | |

This is a civil rights action brought by a prisoner ostensibly pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Federal Medical Center-Devens (FMC-Devins) in Ayer, Massachusetts. Plaintiff sues the United States of America, the State of North Carolina and FMC-Devins Warden David L. Winn. In his *pro se* complaint, Plaintiff makes vague allegations of unspecified deprivations of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Although the events giving rise to Plaintiff's action are unclear, they apparently occurred in either or both Massachusetts or North Carolina.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant Winn is a public official serving in Ayer, Massachusetts, and he "resides" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against the United States and North Carolina, to the extent they are cognizable, arose where Defendants allegedly committed the acts giving rise to this case. *See*

*Leroy v. Great Western United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue could only be proper in the District of Massachusetts or in the Eastern or Middle Districts of North Carolina. Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a). The Clerk shall transmit the file forthwith to the Clerk of the Court in Boston, Massachusetts. **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.

Dated: May 17, 2004

/s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge

**CERTIFIED ECF DOCUMENT**

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Michigan on  5-17-04

RONALD C. WESTON, SR., CLERK OF COURT

By: _____  Dated: 5-18-04
     Deputy Clerk