UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JOSEPH MARION HEAD,            )
          Petitioner,          )
                               )
     v.                        )  C.A. No. 04-40084-RGS
                               )
DAVID L. WINN,                 )
          Respondent.          )
```

MEMORANDUM AND ORDER

By Order dated September 17, 2004, the court instructed the Clerk to docket no further filings submitted by Joseph Marion Head without the prior approval of the court. See 9/17/04 Order, Docket No. 5.

For the reasons set forth below, the Clerk is directed (1) to file petitioner's Notice of Appeal and Application to Proceed Without Prepayment of Fees in Head v. Unknown Parties, et al., C.A. No. 04-40089-RGS; Head v. United States, et al., C.A. No. 04-40090-RGS; and Head v. United States, et al., C.A. No. 04-40103-RGS; and (2) to return to petitioner the remaining documents that were received for filing on November 17th and November 22, 2004.

DISCUSSION

Petitioner Joseph Marion Head is a federal prisoner[1] now

---

[1] Petitioner is now serving a 360-month sentence that was imposed pursuant to his convictions on nine counts of mailing threatening communications in violation of 18 U.S.C. § 876. See United States v. Head, No. 98-cr-102-ALL (W.D. N.C. Sept. 12, 2001).

confined to FMC Devens in Ayer, Massachusetts.  Despite the issuance of an injunction on September 17th, Mr. Head has continued to submit documents for filing.  Most recently, the Court has received documents for filing on November 17th, November 18th, and November 22nd.  Upon review of these submissions, the Court finds the documents to be duplicative of the claims raised in Civil Action Nos. 04-40042-RGS and 04-40084-RGS,[2] except for the Notice of Appeal and accompanying Application to Proceed Without Prepayment of Fees that were submitted for filing on November 18, 2004.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that a timely notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.  See Fed. R. App. P. 4(a)(1)(A).  To the extent petitioner seeks to appeal the orders entered in seven separate actions,[3] petitioner's notice of appeal is

---

[2] Because I find most of these documents to be duplicative and malicious under the authority of 28 U.S.C. § 1915A, I will direct the clerk to return the documents received on November 17th and November 22nd to petitioner Joseph Marion Head.

[3] Petitioner seeks to file his Notice of Appeal in the following seven actions: Head v. Unknown Parties, et al., C.A. No. 04-40089-RGS (11/9/04 Order of Dismissal); Head v. United States, et al., C.A. No. 04-40090-RGS (11/9/04 Order of Dismissal); Head v. United States, et al., C.A. No. 04-40103-RGS (11/9/04 Order of Dismissal); Head v. State of North Carolina, et al., C.A. No. 04-10522-RGS (5/18/04 Order of Dismissal); Head v. State of North Carolina, C.A. No. 04-

timely for only the following three actions: (1) <u>Head v. Unknown Parties, et al.</u>, C.A. No. 04-40089-RGS (11/9/04 Order of Dismissal); (2) <u>Head v. United States, et al.</u>, C.A. No. 04-40090-RGS (11/9/04 Order of Dismissal); and (3) <u>Head v. United States, et al.</u>, C.A. No. 04-40103-RGS (11/9/04 Order of Dismissal).

To the extent, petitioner seeks to file a notice of appeal in <u>Head v. State of North Carolina, et al.</u>, C.A. No. 04-10522-RGS (5/18/04 Order of Dismissal); <u>Head v. State of North Carolina</u>, C.A. No. 04-11120-RGS (6/14/04 Order of Dismissal); <u>Head v. Winn</u>, C.A. No. 04-40042-RGS (9/17/04 Order of Dismissal); and <u>Head v. Winn</u>, C.A. No. 04-40084-RGS (9/17/04 Order of Dismissal), petitioner's notice of appeal was filed on November 18, 2004, which is more than thirty days after the judgments were entered by the Clerk of Court.  It is well established that "timely filing of a notice of appeal is 'mandatory and jurisdictional.'" <u>Acevedo-Villalobos v. Hernandez</u>, 22 F.3d 384, 387 (1st Cir.) (quoting <u>Perez-Perez v. Popular Leasing Rental, Inc.</u>, 993 F.2d 281, 283 (1st Cir. 1993) (quoting <u>Browder v. Director, Dep't of Corrections</u>, 434 U.S. 257, 264 (1978))), <u>cert. denied</u>, 115 S. Ct. 574 (1994).  Here,

---

11120-RGS (6/14/04 Order of Dismissal); <u>Head v. Winn</u>, C.A. No. 04-40042-RGS (9/17/04 Order of Dismissal); and <u>Head v. Winn</u>, C.A. No. 04-40084-RGS (9/17/04 Order of Dismissal).

3

petitioner filed his notice of appeal for Civil Action Numbers 04-10522-RGS; 04-11120-RGS; 04-40042-RGS; and 04-40084-RGS well outside the thirty-day period.

Although Rule 4(a)(5)[4] authorizes a district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal if a motion for extension of time is filed within 30 days of the expiration of the time for appeal, such a request for extension with the requisite showing has not been made by petitioner.

Accordingly, the Court will direct the clerk to (1) return to petitioner the documents submitted for filing on November 17th and 22nd; and (2) enter the Notice of Appeal and accompanying Application to Proceed Without Prepayment of Fees on the dockets for Civil Action Numbers 04-40089-RGS; 04-40090-RGS; and 04-40103-RGS.

ORDER

Based upon the foregoing, it is hereby

---

[4] Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides in pertinent part:
  The district court may extend the time to file a notice of appeal if:
  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
  (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
Fed. R. App. P. 4(a)(5).

ORDERED that in accordance with this Court's order dated September 17, 2004, the clerk shall return to Joseph Marion Head the documents submitted for filing On November 17th and 22th; and it is further

ORDERED that the clerk shall enter the Notice of Appeal and accompanying Application to Proceed Without Prepayment of Fees on the dockets for Civil Action Numbers 04-40089-RGS; 04-40090-RGS; and 04-40103-RGS; and it is further

ORDERED, the Application to Proceed Without Prepayment of Fees is DENIED for failure to submit a certified prison account statement; and it is further

ORDERED, the clerk shall enter a copy of this Memorandum and Order on the dockets for Civil Action Numbers 04-40089-RGS; 04-40090-RGS; 04-40103-RGS; 04-10522-RGS; 04-11120-RGS; 04-40042-RGS; and 04-40084-RGS.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>30th</u> day of <u>November</u>, 2004.

       /s/ Richard G. Stearns
      RICHARD G. STEARNS
      UNITED STATES DISTRICT JUDGE